UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                Case No. 07-CR-112

PAO XIONG,

        Defendant.

**ORDER DENYING MOTIONS TO MODIFY CONDITIONS OF SUPERVISED RELEASE AND REQUEST FOR COMPASSIONATE RELEASE**

In November of 2008 Petitioner was convicted after a 5-day jury trial of arson, mail fraud, witness tampering, and making a false statement. The original charges stem from an arson for profit scheme that included the burning of a grocery store owned and operated by Petitioner's mother, who was also charged in the scheme. On February 9, 2009, Xiong was sentenced to 180 months imprisonment, to be followed by 3 years of supervised release. The mandate affirming the appeal was returned in March of 2010. Xiong's projected release date is in January 2021.

Notwithstanding the fact that he is still serving the confinement portion of his sentence, Xiong filed a motion to modify the conditions of his supervised release on January 31, 2020, requesting that he be mandated to reside in the Northern District of Texas, where a woman with whom he has apparently developed a romantic relationship lives with her three children. Dkt. No. 214. He has since filed two more motions seeking identical relief and a request for compassionate release. Dkt. Nos. 217, 220, 222. In support of his motion, Xiong contends that it is his desire and right to be reunited with the family he and his girlfriend have decided to form. Of course, whatever right Xiong may have to live with his girlfriend is limited by the lawful sentence imposed upon

him for his criminal conduct. At this point in time, he is in the custody of the Bureau of Prisons and, upon release will be under the supervision of the court. This status results in limitations of his freedom to which persons who have not engaged in criminal conduct are not subject.

It is true that upon release, Xiong will be on supervised release, and the court will have authority to transfer his supervision to another district. "A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court." 18 U.S.C. § 3605. But as the statute provides, a transfer can only occur "with the concurrence of such court." In other words, the receiving district must agree to accept a transfer of jurisdiction. A person on supervised release who wishes to move to another district generally conveys such desire to his supervising probation agent. If the request is reasonable and the client has been in compliance with the conditions of his supervision, the agent contacts the receiving district to arrange for such a transfer. If the transfer appears reasonable and in furtherance of the rehabilitative and protective goals of supervision, the respective transferor and transferee courts are asked to approve.

Xiong appears to be aware of this process, since he has submitted this same request to the Northern District of Texas. According to the memorandum prepared by the Probation Office in this district in response to Xiong's request, U.S. Probation Officer Sierra Delgado of the Northern District of Texas has investigated Xiong's request and his home plan with his fiancé. Ms. Sanders conveyed to Xiong that his request would be denied at this time, but should he have six months of compliance upon his release in the Eastern District of Wisconsin, his request would be reconsidered. Dkt. No. 221.

2

Based on the foregoing, Xiong's motions to modify the conditions of his supervised release (Dkt. Nos. 214, 217, and 222) are denied. Since he has not yet commenced his supervised release, it is not even clear that the court has authority to transfer jurisdiction over his supervision. *See* 18 U.S.C. § 3605 ("A court . . . may transfer jurisdiction over a . . . *person on supervised release* . . . .") (italics added). Even assuming the court has such authority, it is only with the concurrence of the transferee district. *Id.* Finally, I note that Xiong grew up in the Eastern District of Wisconsin, and at least at the time of sentencing, his family was here. A prison romance does not mandate a change in his place of supervision, especially since the receiving district has indicated a refusal to accept him absent six months compliance with the conditions of his release in this district. I also note that Xiong was convicted of Possession of a Prohibited Object in Prison (phone) while serving his sentence in the Eastern District of Arkansas (Case No. 17CR260), and sentenced to a consecutive six months in prison. This conviction while still in prison suggests that Xiong may be a poor candidate for transfer to a different district absent a compelling reason.

As to Xiong's request for compassionate release, I note that he cites no "extraordinary and compelling reasons" that would warrant a reduction in his sentence. 18 U.S.C. § 3582©(1)(A)(i). The only fact mentioned in his motion is the lock-down of the medium security facility where he is currently housed in Mississippi due to the COVID-19 virus. Xiong is relatively young and he cites no chronic health condition that would make him more susceptible to the virus than any other inmate. Given the extremely low rate of fatalities or serious complications for people his age, his request for compassionate release (Dkt. No. 220) must also be denied.

**SO ORDERED** at Green Bay, Wisconsin this 28th day of April, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court